IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| JASON MELOCHE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-14960 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN PROFIT RECOVERY, INCORPORATED, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JASON MELOCHE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, AMERICAN PROFIT RECOVERY, INCORPORATED, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JASON MELOCHE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Amherstburg, Province of Ontario, Country of Canada.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Next Level Health and Fitness (hereinafter, "the Debt").

1

6. The Debt was for a bill allegedly incurred by a third-party for said third-party's personal use and/or household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. AMERICAN PROFIT RECOVERY, INCORPORATED, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the Country of Canada. Defendant is incorporated in the State of Michigan.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Plaintiff did not incur the Debt.

15. Plaintiff's wife did not incur the Debt.

16. Upon information and belief, the Debt was incurred by a third-party named "Jason Wxxxxxxxs."

17. The Debt was incurred by a third-party with whom Plaintiff has no relationship.

18. At all relevant times, Plaintiff was neither legally responsible or obligated to pay the Debt.

19. In or around August 2012, Defendant initiated a telephone call to Plaintiff's in-laws' residence in an attempt to collect the Debt.

20. Defendant engaged in a telephone conversation with Plaintiff's mother-in-law wherein Defendant requested that Plaintiff's wife contact Defendant.

21. Defendant then provided a telephone number at which Plaintiff's wife could contact Defendant.

22. Plaintiff's mother-in-law informed Plaintiff's wife of the contents of the aforesaid telephone conversation with Defendant.

23. In or around August 2012, subsequent to Plaintiff's mother-in-law having informed Plaintiff's wife of the contents of their telephone conversation with Defendant, Plaintiff's wife initiated a telephone call to Defendant at the telephone number Defendant provided to Plaintiff's mother-in-law.

24. Plaintiff's wife then engaged in a telephone conversation with Defendant.

25. Plaintiff was nearby his wife at the time Plaintiff's wife engaged in the aforesaid telephone conversation with Defendant.

26. During the conversation between Plaintiff's wife and Defendant, Defendant stated that Plaintiff owed the Debt.

27. Defendant then referred to Plaintiff as "Jason Wxxxxxxxs."

28. Plaintiff's wife informed Defendant that Plaintiff's last name was not "Wxxxxxxxs."

29. Plaintiff's wife informed Defendant that Plaintiff's last name was Meloche.

30. Defendant told Plaintiff's wife that it knew Plaintiff's last name was not Meloche but was "Wxxxxxxxs."

31. Plaintiff's last name is not "Wxxxxxxxs."

32. Plaintiff's last name was never "Wxxxxxxxs."

33. Plaintiff's wife informed Defendant that it was looking for the wrong individual.

34. At the time Plaintiff's wife engaged in the aforesaid telephone conversation with Defendant, Plaintiff was speaking to his wife while she was on the telephone call with Defendant.

35. Plaintiff's wife informed Plaintiff of the contents of her telephone conversation with Defendant.

36. Upon information and belief, at the time Plaintiff's wife engaged in the aforesaid telephone conversation with Defendant, Defendant overheard Plaintiff speaking to his wife.

37. Defendant then asked Plaintiff's wife "[i]s that your husband in the background?"

38. Plaintiff's wife informed Defendant that her husband was next to her.

39. Defendant then stated to Plaintiff's wife "[p]ut [Plaintiff] on the phone and I will talk to him as this involves him as well."

40. Defendant then asked Plaintiff's wife to have Plaintiff speak to Defendant.

41. Plaintiff then engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the Debt from Plaintiff.

42. During the course of the aforesaid telephone conversation, Defendant told Plaintiff that it knew his last name was "Wxxxxxxxs."

43. Plaintiff informed Defendant that his last name was not "Wxxxxxxxs."

44. Plaintiff informed Defendant that it had contacted the wrong individual.

45. Plaintiff further informed Defendant that he did not owe the Debt.

46. Defendant then accused Plaintiff of lying about his name.

47. Defendant then asked Plaintiff to provide the last four (4) digits of his social security number.

48. Plaintiff does not have a social security number as Plaintiff is not a citizen of the United States.

49. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that he did not have a social security number as Plaintiff had never lived, or worked in the United States and that he held no status in the United States as a citizen or permanent resident.

50. Defendant responded to Plaintiff's statements, as delineated above, by accusing Plaintiff of lying about his identity.

51. Defendant responded to Plaintiff's statements, as delineated above, by accusing Plaintiff of lying about the reason why Plaintiff would not provide Defendant with his social security number.

52. Defendant further accused Plaintiff of trying to hide his identity.

53. Defendant, again, told Plaintiff that he was "Jason Wxxxxxxxs."

54. Defendant then provided Plaintiff with "Jason Wxxxxxxxs'" address and social security.

55. Plaintiff informed Defendant that he was not the third-party Defendant was attempting to contact.

56. Plaintiff informed Defendant that the information it provided relative to "Jason Wxxxxxxxs'" address was not Plaintiff's address.

57. Plaintiff, again, told Defendant that he did not have a social security number.

58. Defendant responded by telling Plaintiff that he was being "uncooperative."

59. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, subsequent to Plaintiff having informed Defendant of the aforesaid information, Defendant continued to attempt to collect the Debt from Plaintiff.

60. Defendant's representations to Plaintiff that he owed the Debt were false, deceptive and/or misleading given that Plaintiff did not owe the Debt as the Debt was allegedly incurred by a third-party and Plaintiff was neither legally responsible nor obligated to pay the Debt.

61. Defendant's representations to Plaintiff that he owed the Debt misrepresented the character, nature and/or legal status of the Debt given that Plaintiff did not owe the Debt as the Debt was allegedly incurred by a third-party and Plaintiff was neither legally responsible nor obligated to pay the Debt.

62. Defendant knew or reasonably should have known that accusing Plaintiff of owing the Debt and continuing to collect the Debt from Plaintiff after Plaintiff informed Defendant that he was not the individual who Defendant was attempting to contact would be conduct that Plaintiff would find to be abusive.

63. Defendant knew or reasonably should have known that accusing Plaintiff of owing the Debt and continuing to collect the Debt from Plaintiff after Plaintiff informed Defendant he was not the individual who Defendant was attempting to contact would be conduct that Plaintiff would find to be harassing.

64. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

65. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

66. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JASON MELOCHE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

                                    Respectfully submitted,
                                    **JASON MELOCHE**

                            By:    s/ David M. Marco
                                  Attorney for Plaintiff

Dated: November 7, 2012


David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com

8